

**Signed: July 14, 2010**

_____
**LESLIE TCHAIKOVSKY
U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re
RONALD M. POOLE,

    Debtor.
_____/

No. 10-45303 TG
Chapter 13

**MEMORANDUM OF DECISION**

    The debtor Ronald M. Poole (the "Debtor") seeks an extension of the automatic stay pursuant to 11 U.S.C. § 362(c)(3), this being his second bankruptcy case pending within a single year. Secured creditor Contractors Capital Corp. ("Contractors") objects to the extension on the ground that the case was filed in bad faith. The Court held an evidentiary hearing on the motion on June 30, 2010. At the conclusion of the hearing, the Court took the matter under submission.

    Also pending are the Debtor's motion to convert the case to chapter 11 and Contractors' oral motion to quash a subpoena issued by the Debtor. For the reasons stated below, the Court will deny the Debtor's motion to extend the automatic stay, deny the Debtor's motion to convert the case to chapter 11, and grant Contractors' oral

motion to quash the subpoena. The Court's findings and conclusions are set forth below.

**BACKGROUND**

The Debtor filed a prior chapter 13 petition on September 8, 2009 (the "Prior Case"). In the Prior Case, as in this one, the Debtor scheduled as his principal asset real property located at 2415-2421 Market Street, Oakland, California (the "Real Property"). The Real Property is described as consisting of six units. The Debtor lives in one of the units.

On September 15, 2009, Contractors filed a motion for relief from the automatic stay in the Prior Case. In the motion, Contractors represented that the Debtor had acquired the Real Property from Brian Fabian II ("Fabian") on October 5, 2007 while the Real Property was encumbered by Contractors' security interest. Contractors did not consent to the transfer. Thus, pursuant to its note and deed of trust, its claim became fully due prior to the filing of the Prior Case. Contractors represented that the balance on its secured claim was approximately $500,000.

Contractors' motion came on for hearing on October 23, 2009. At the hearing, it appearing that the Debtor was delinquent post-petition, the Court ordered the Debtor to make a regular payment plus one-twelfth of the post-petition arrearages until caught up.

The Debtor filed a chapter 13 plan (the "Prior Case Plan") on September 17, 2009. Contractors filed an objection to confirmation of the Prior Case Plan on October 27, 2009. The objection stated that the Prior Case Plan could not be confirmed because Contractors'

2

secured claim was fully due and because the Prior Case Plan did not provide sufficient funds for its payment in full during the term of the Plan.

On November 4, 2009, after the hearing on Contractors' motion for relief from stay but before the written order was entered placing conditions on the continuation of the stay, the Debtor filed an objection to the Court's order. The objection was noticed for hearing on November 19, 2009. The objection was overruled at that time without prejudice to the Debtor's filing a motion for reconsideration. A motion for reconsideration was filed on November 25, 2009 and was denied pursuant to an order entered December 1, 2009.[1]

In its Memorandum stating the basis for the denial, the Court stated that the Debtor's assertion was incorrect that the monthly payments required by the order conditioning the continuation of the automatic stay were overstated. The Court also agreed with Contractors that Contractors' secured debt was fully due so that the Prior Case Plan was required to provide for payment in full of Contractors' secured debt over its term. To do so, the payments made to the chapter 13 trustee would have to be substantially more than proposed in the Prior Case Plan.

---

[1] The Debtor filed a motion to extend the time to file a notice of appeal from the order denying the motion for reconsideration, which was granted, and filed a notice of appeal within the extended period. To the Court's knowledge, there has been no ruling on the appeal to date.

3

The Debtor filed an amended plan (the "Amended Prior Case Plan") on November 30, 2009.  The Amended Plan did not change the proposed amount of the monthly payments to the chapter 13 trustee which the Court had found to be inadequate to satisfy Contractors' fully due secured claim.  The Debtor appeared at a meeting of creditors on December 1, 2009.  The minutes from the meeting on the case docket indicate that the chapter 13 trustee informed the Debtor that he was delinquent in his plan payments in the amount of $1,400 and, if this amount were not paid by December 3, 2009, the case would be dismissed.  A contested confirmation hearing was scheduled for February 8, 2010.

The Debtor apparently failed to bring the plan payments current by December 3, 2009.  On January 12, 2010, the Court issued an order dismissing the case.  On January 22, 2010, the Debtor filed a motion for relief from the order dismissing the case.  On January 26, 2010, the dismissal order was vacated.  The confirmation hearing was rescheduled for March 8, 2010.

On February 26, 2010, the Debtor filed a second amended plan. The plan doubled the amount of the monthly payments.  However, this increase was insufficient to satisfy Contractors' claim over the term of the plan.  On March 2, 2010, the Debtor filed a third amended plan, increasing the monthly payments by $200 a month.  This amount was still insufficient to satisfy Contractors' claim over the term of the plan.  The case was ordered dismissed with a 10 day stay at the March 8, 2010 confirmation hearing.  On March 17, 2010, the stay was extended by an additional 30 days, to April 16, 2010, to permit

4

the Court to review the Debtor's third amended plan. The case was effectively dismissed on April 17, 2010.

As stated above, the above-captioned case was filed on May 7, 2010.[2] On May 12, 2010, the Debtor filed a motion to extend the stay pursuant to 11 U.S.C. § 362(c)(3). On May 21, 2010, the Debtor filed a plan (the "Plan"). The Plan did not list Contractors as a secured creditor and did not propose monthly payments to the chapter 13 trustee sufficient to pay Contractors' claim in full over the term of the Plan.

On May 18, 2010, Contractors filed an objection to the motion to extend the stay. On May 26, 2010, the Debtor filed a response to Contractors' objection. The motion to extend came on for a nonevidentiary hearing on May 28, 2010 and was set for an evidentiary hearing on June 30, 2010.

On June 28, 2010, the Debtor filed a motion to convert the case to chapter 11. The Debtor contended that the chapter 13 trustee had advised him that his debts exceeded the limits for chapter 13 debtors. On June 28, 2010, the Debtor also filed a copy of a subpoena directed to Contractors, directing Contractors to produce a large number of documents on the day of the evidentiary hearing. The subpoena was issued by the Court on June 9, 2010 and was served on Contractors on June 14, 2010. Contractors did not produce the

---

[2] The Court also finds that the Debtor is ineligible to be a debtor in this case due to his failure to obtain credit counseling until three days after he filed his petition and the inadequacy of his statement of exigent circumstances filed on May 27, 2010 and amended statement of exigent circumstances filed on June 8, 2010.

5

documents at trial and did not file a motion to quash the subpoena.

**DISCUSSION**

Section 362(c)(3) provides that, if a debtor has had two bankruptcy cases pending within a single year, the automatic stay terminates 30 days after the petition date unless the Court extends its effectiveness. The Court may only do so if the Court finds that the later case was filed in good faith as to the creditors to be stayed. Given the procedural history outlined above and the evidence presented at the hearing, the Court is unable to find that this case was filed in good faith.

The Debtor continues to ignore the fact that, due to his acquisition of the Real Property without Contractors' consent, Contractors' debt has become fully due. He continues to fail to propose payments to the chapter 13 trustee sufficient to pay Contractors' secured claim in full over the term of the plan. The Debtor has been advised of this problem repeatedly, both in the Prior Case and this one. Yet, he has made no attempt to address the problem. Under the circumstances, the Court is compelled to find that the present case was filed in bad faith.

If the case were converted to chapter 11, the Debtor would have more time to pay Contractors' claim in full. However, the Court cannot in good conscience grant the Debtor's motion to convert the case to chapter 11. Based on the Court's assessment of the Debtor at trial--i.e., both his abilities and state of mind--and based on the procedural history of the Prior Case, the Court does not believe that the Debtor is qualified to act as a chapter 11 debtor-in-

6

possession. Moreover, the Debtor cannot avoid the effect of 11 U.S.C. § 362(c)(3) by converting to chapter 11. Since the Court concludes that the present case was filed in bad faith, the stay will not be extended, and the chapter 11 case would serve no purpose.

The Court does not approve of Contractors' failure to file a motion to quash the subpoena rather than simply ignoring it. However, given the Court's ruling on the motion to extend, there would be no purpose in denying Contractors' oral motion to quash.

**CONCLUSION**

The Debtor's motion to extend the automatic stay will be denied. The Debtor's motion to convert the case to chapter 11 will also be denied. Contractor's oral motion to quash the Debtor's subpoena will be granted. Counsel for Contractors is directed to submit a proposed form of order in accordance with this decision.

END OF DOCUMENT

7

```
                        COURT SERVICE LIST

Ronald M. Poole
855 44th St.
Oakland, CA 94607

Adam C. Kent
605 Middlefield Rd.
Redwood City, CA94063

Trustee
Martha G. Bronitsky
P.O. Box 5004
Hayward, CA 94540-5004
```

8